# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MARCH 22, 2011 Session

## JOHN HUGHES, JR. v. THE CITY OF MEMPHIS, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-09-1158-1    Walter L. Evans, Chancellor

### No. W2010-01550-COA-R3-CV - Filed May 11, 2011

An MPD patrolman appealed his "separation" from employment to the Civil Service Commission. The Commission found the separation was "administrative" in nature, and, therefore, that it lacked jurisdiction to consider the appeal. The chancery court denied the patrolman's petition to reverse and/or modify the Commission's decision, and we affirm.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Edgar Davison, Memphis, Tennessee, for the appellant, John Hughes, Jr.

Herman Morris, Jr., City Attorney, Zayid A. Saleem, Assistant City Attorney, Memphis, Tennessee, for the appellee, City of Memphis

**OPINION**

## I. FACTS & PROCEDURAL HISTORY

John Hughes, Jr. ("Mr. Hughes"), a Memphis Police Department ("MPD") patrolman, suffered an on-the-job injury in late November 2005. Mr. Hughes was cleared to return to "light duty" on October 16, 2006, and to "full duty" on January 11, 2007. After his injury, Mr. Hughes did not return to work until January 11, 2007, when he reported for "desk duty"; however, he left after only two hours, complaining of illness. He never returned to work after that date.

On January 11, 2008, MPD Deputy Chief of Administration Services, Harry J. Tusant, sent Mr. Hughes a letter stating that he would be "separated" from his employment effective January 12, 2008 due to his absence from work in excess of twelve months. On January 22, 2008, Mr. Hughes' attorney wrote to Chief Tusant "to inform [him] that . . . Mr. Hughes[] ha[d] made many attempts to return to work." Then, on March 5, his attorney wrote the City's Deputy Director of Human Resources requesting that Mr. Hughes' termination be reviewed.[1] On November 10, 2008, Mr. Hughes filed a notice of appeal to the Civil Service Commission (the "Commission").

A hearing was held before the Commission on March 20, 2009. The Commission concluded that Mr. Hughes' separation was "administrative" in nature, and therefore, that it lacked jurisdiction to consider his appeal. Furthermore, it found that even if his separation had been "disciplinary" in nature, that it likewise would lack jurisdiction over the matter because Mr. Hughes' request for appeal was untimely. Accordingly, the Commission dismissed Mr. Hughes' appeal.

Mr. Hughes then petitioned the Shelby County Chancery Court for judicial review. Following a hearing on June 16, 2010, the chancery court denied Mr. Hughes' request to reverse and/or modify the Commission's decision, finding "no basis" to do so. Mr. Hughes timely appealed to this Court.

## II. ISSUES PRESENTED

Mr. Hughes presents the following issues for review:

1. Whether the trial court erred by ruling the City's action was not disciplinary in nature,

---

[1]The letter states "Please accept this letter as an appeal from the termination of Mr. Hughes."

and therefore, that Mr. Hughes had no right to appeal; and

2.      Whether the trial court erred by holding that Mr. Hughes' appeal to the Civil Service Commission was untimely.

For the following reasons, we affirm the trial court's denial of Mr. Hughes' petition to reverse and/or modify the Commission's decision.


### III.   STANDARD OF REVIEW

This appeal arises from the trial court's judgment rendered pursuant to the statutory writ of certiorari as provided in title 27, chapter 9 of the Tennessee Code. *See* Tenn. Code Ann. §§ 27–9–101 to –114 (2000). This statutory writ is available following a proceeding conducted before a civil service board that affects a civil servant's employment status. ***City of Memphis v. Civil Service Comm'n***, 238 S.W.3d 238, 242 (Tenn. Ct. App. 2007) (citing Tenn. Code Ann. § 27-9-114; *Tidwell v. City of Memphis,* 193 S.W.3d 555, 559 (Tenn. 2006)). "The application of these provisions requires compliance with the standards of the Uniform Administrative Procedures Act (UAPA), including the judicial standards of review set forth in Tennessee Code Section 4–5–322." ***Id.*** (citing Tenn. Code Ann. § 27–9–114(b)(1) (2000)). "Under the UAPA, administrative agency decisions are subject to chancery court review that is conducted without a jury and is limited to the administrative record." ***Id.*** (citing Tenn. Code Ann. § 4–5–322(g) (2005)) (providing, however, that review of procedural errors is not limited to the administrative record). The scope of judicial review is set forth in subsection (h):

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5) (A) Unsupported by evidence which is both substantial and material in light of the entire record.

(B) In determining the substantiality of evidence, the court shall take into account whatever fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

**Tenn. Code Ann. 4–5–322(h)**.

After determining that the agency has employed the proper legal principles, this Court "must then consider the disputed factual findings and address whether the agency had a reasonably sound basis for making those findings." *City of Memphis*, 238 S.W.3d at 243 (citing *McEwen v. Tenn. Dept. of Safety,* 173 S.W.3d 815, 820 (Tenn. Ct. App. 2005)). In reviewing the agency's findings of fact, this Court applies the substantial and material evidence standard. *Id.* (citing *Bobbitt v. Shell,* 115 S.W.3d 506, 509–10 (Tenn. Ct. App. 2003)). Substantial and material evidence is defined as "'such relevant evidence as a reasonable mind might accept to support a rational conclusion' and to furnish a reasonably sound basis for the decision under consideration." *Id.* (quoting *City of Memphis v. Civil Serv. Comm'n,* 216 S.W.3d 311, 316 (Tenn. 2007)); *see also Dickson v. City of Memphis Civil Serv. Comm'n,* 194 S.W.3d 457, 464 (Tenn. Ct. App. 2005); *Pruitt v. City of Memphis,* No. W2004-01771-COA-R3-CV, 2005 WL 2043542, at *7 (Tenn. Ct. App. Aug.24, 2005); *Bobbitt,* 115 S.W.3d at 510.

Pursuant to the statute, "we take into account whatever in the record fairly detracts from the weight of the evidence, but we may not substitute our own judgment on questions of fact by re-weighing the evidence." *Id.* (citing Tenn. Code Ann. § 4–5–322(h)(5)(B)). When the agency conducts a hearing and can evaluate the witnesses as they testify, we accord great weight to the tribunal's credibility determinations. *Id.* (citing *Pruitt,* 2005 WL 2043542, at *7). A reversal is not warranted, under the substantial and material evidence standard, simply because the evidence could also support another result. *Id.* (citing *Martin v. Sizemore,* 78 S.W.3d 249, 276 (Tenn. Ct. App. 2001)). Instead, "we may reject an administrative determination only if a reasonable person would necessarily arrive at a different conclusion based on the evidence." *Id.* (citing *Martin v. Sizemore*, 78 S.W.3d at 276).

Tennessee Code Annotated Section 4-5-322(h)(4) permits a reviewing court to modify or reverse an administrative decision if it is "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Id.* (citing Tenn. Code Ann. § 4-5-322(h)(4) (2005)). "A decision unsupported by substantial and material evidence

is arbitrary and capricious." ***Id.*** (citing *City of Memphis v. Civil Serv. Comm'n,* 216 S.W.3d 311, 315 (Tenn. 2007)). "A decision is arbitrary or capricious if it 'is not based on any course of reasoning or exercise of judgment, or . . . disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion.'" ***Id.*** (quoting *Jackson Mobilphone Co. v. Tenn. Public Serv. Comm'n,* 876 S.W.2d 106, 110-11 (Tenn. Ct. App. 1993)).

## IV. DISCUSSION

As we stated above, Mr. Hughes was separated from his employment effective January 12, 2008, pursuant to a letter from Chief Tusant. Before the Commission, Chief Tusant testified that Mr. Hughes' separation was based upon the City of Memphis Personnel Manual Policy, Section 46-03:

> No employee may be off a City job longer than 12 consecutive months from the date the employee is unable to work due to disability from illness and/or injury.

and Section 42-06:

> No employee shall be off of a City job for reasons of disability due to disability from illness and/or injury for longer than 12 consecutive months. At the conclusion of the 12 month period of time, the employee shall be separated from the City's payroll.[2]

Pursuant to the City of Memphis Charter, the Commission's jurisdiction is limited to reviewing disciplinary actions:

> The Civil Service Commission shall have the power and it shall be its duty to conduct hearings to review *disciplinary* actions, limited to suspensions, dismissals, or demotions of any employees not exempted from the provision of this article.
>
> . . . .

---

[2]The January 11, 2008 letter states in part: "As of January 12, 2008, your employment will be separated from the City of Memphis Police Division. You have been absent from work in excess of 12 months and are being separated based upon City of Memphis Policy."

-5-

> Any employee holding a position not exempted from the provisions of this article and not in his initial probationary period, who has been suspended in excess of ten (10) days, terminated, or demoted, may appeal to the commission *within ten (10) calendar days* after notification in writing of such action.

(emphasis added). As we stated above, the Commission concluded that Mr. Hughes' separation was administrative, rather than disciplinary, in nature, and therefore, that it lacked jurisdiction to consider his appeal. Before this Court, Mr. Hughes argues that his separation from employment was disciplinary in nature, and thus, that the Commission's dismissal was arbitrary.

Mr. Hughes' primary argument regarding the nature of the City's action is as follows: "Hughes had no choice in the matter and therefore the removal was disciplinary in nature." He also contends that "[t]he record shows that Mr. Hughes was released to return to work on or about October 16, 2006, however the City did not allow Mr. Hughes to come back despite his attempts to do so."

At the Commission hearing, MPD Lieutenant Mark Winters testified that an employee wishing to return to duty after an injury must contact either the Health and Safety Office or his immediate supervisor stating his desire to so return, and he must also present the requisite paperwork. Both Lieutenant Winters and Chief Tusant testified that neither Mr. Hughes nor his attorney contacted them regarding a willingness to return to work prior to the January 11, 2008 separation letter. Mr. Hughes conceded that no one from the MPD told him he could not return to work, that he knew he did not need the MPD's permission to return to work, and that he failed to contact either Lieutenant Winters or Chief Tusant regarding a return to work. However, he testified that it was his "understanding [that his] attorney was contacting the City to put [him] back to work." Mr. Hughes' attorney, Kathleen Caldwell, testified that she had attempted to contact Lieutenant Winters since November 2007, but she was unable to provide any documentation of alleged contact attempts prior to Mr. Hughes' separation.[3]

Before the Commission, Chief Tusant explained the difference between "separation" and "termination": separation is an abandonment of employment, whereas "termination involves a disciplinary action or a process that an employee has violated a directive or some City policy[.]" Lieutenant Winters further explained that separation is "a neutral thing[,]" where "you're no longer able to perform your job as a . . . police officer for whatever reason[,]" while "termination is . . . negative."

---

[3]The record includes two 2007 pre-separation letters from Ms. Caldwell to the City; however, both relate to Mr. Hughes' medical needs and OJI coverage.

We are not persuaded by Mr. Hughes' argument that his lack "of choice in the matter" rendered the City's action "disciplinary." Instead, we find substantial and material evidence to support the City's argument, and the Commission's conclusion, that Mr. Hughes' separation was not a disciplinary response to his extended absence from work, but that it was instead an administrative action taken in accordance with the personnel manual. In so far as it relates to the nature of the City's action, we find that the record does not support Mr. Hughes' contention that the City refused to allow him to return to work, or that he attempted to do so prior to separation. In sum, we find the Commission's decision was not arbitrary and capricious as it was based upon substantial and material evidence, and, therefore, that the chancery court did not err in upholding its decision. The dismissal of Mr. Hughes' appeal is affirmed.

## V.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the chancery court. All remaining issues are deemed pretermitted. Costs of this appeal are taxed to Appellant, John Hughes, Jr., and his surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.