IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 4, 2013

## ALTON FLATT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Jackson County**
**No. 2010CV37      John D. Wootten, Jr., Judge**

_____

**No. M2012-00928-COA-R3-CV - April 22, 2013**

_____

The Department of Safety, acting pursuant to Tennessee Code Annotated § 39-17-1352(a)(1), revoked Petitioner's handgun carry permit based upon the Department's independent determination that Petitioner had been convicted of "a misdemeanor crime of domestic violence" as defined by 18 U.S.C. § 921(a)(33). The revocation arises out of an incident in which Petitioner was charged with two counts of aggravated assault, one count that pertained to his ex-wife and one count that pertained to her male companion. Petitioner subsequently pled guilty to one count of simple assault under Tennessee Code Annotated § 39-13-101. When Petitioner received notice that his handgun permit had been administratively revoked, he filed an appeal in the general sessions court, which reversed the Department's decision and ordered reinstatement of Petitioner's permit. The Department then appealed to the circuit court, which also ordered reinstatement of the handgun permit. This appeal followed. A "misdemeanor crime of domestic violence," for purposes of 18 U.S.C. § 922(g)(9), requires a use of force and a domestic relationship. In the underlying criminal case, Petitioner was charged with assaulting two people, Petitioner's ex-wife and her male friend. Petitioner pled guilty to only one count of misdemeanor assault and the record does not establish whether Petitioner pled guilty to assaulting his ex-wife or her male companion. A "misdemeanor crime of domestic violence" includes an offense "committed by" a person who had a specified domestic relationship with the victim, whether or not the misdemeanor statute itself designates the domestic relationship as an element of the crime and, pursuant to _United States v. Hayes_, 555 U.S. 415 (2009), the victim's domestic relationship with the defendant must be established beyond a reasonable doubt for the offense to constitute a crime of domestic violence under 18 U.S.C. § 922(g)(9). The record in this case does not establish that the victim of the count of simple assault to which Petitioner pled guilty was his ex-wife. Therefore, the record does not support the Department's determination that Petitioner was convicted of a misdemeanor crime of domestic violence for purposes of 18 U.S.C. § 922(g)(9). Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Robert E. Cooper, Jr., Attorney General and Reporter, William E. Young, Solicitor General, Lyndsay F. Sanders, Senior Counsel, and Benjamin A. Whitehouse, Nashville, Tennessee, for the appellant, State of Tennessee.

Alton Flatt, Gainesboro, Tennessee, the appellee.[1]

## OPINION

On December 30, 2008, Alton Flatt ("Petitioner") entered the home of his ex-wife, Leighann Flatt, without invitation or permission, at which time he made threats while brandishing a pistol. Ms. Flatt called 911; thereafter, an altercation ensued between Petitioner and Eric Jones, Ms. Flatt's male companion. When Deputy Sheriff John Harris arrived, he observed the altercation between Petitioner and Mr. Jones. After stopping the altercation, Deputy Harris arrested Petitioner and charged him with two counts of felony aggravated assault.

Pursuant to a plea agreement on February 9, 2009, in the General Sessions Court of Jackson County, one count of aggravated assault was nollied (dismissed) and the other amended to simple assault and Petitioner entered into a voluntary plea of guilty to one count of misdemeanor assault (simple assault) in violation of Tennessee Code Annotated § 39-13-101, for which Petitioner was sentenced to 11 months and 29 days of supervised probation and fined ten dollars. The judgment did not identify which count of aggravated assault was dismissed or the victim of the count of simple assault to which Petitioner pled guilty.

On August 20, 2010, following a determination by the Department of Safety that Petitioner's conviction of simple assault constituted a misdemeanor crime of domestic violence as defined by 18 U.S.C. § 921(a)(33), the Department administratively revoked Petitioner's handgun carry permit. Thereafter, Petitioner filed an appeal in the General Sessions Court of Jackson County contesting the Department's revocation of his handgun carry permit. Following a hearing on September 30, 2010, the general sessions court reversed the Department's revocation and ordered reinstatement of the permit.

---

[1]The appellee, Alton Flatt, did not file a brief and the case was submitted on Appellant's brief pursuant to an order entered on December 6, 2012.

The Department timely appealed the judgment of the general sessions court asserting that Petitioner was convicted of a misdemeanor crime of domestic violence pursuant to 18 U.S.C. § 922; therefore, the Department was required to revoke Petitioner's handgun carry permit, citing Tennessee Code Annotated § 39-14-1352.

Following a hearing on March 19, 2012, the circuit court ordered reinstatement of Petitioner's handgun carry permit based upon findings that the Department did not have a basis to conclude the count to which Petitioner pled guilty constituted a misdemeanor crime of domestic violence, that Petitioner's plea that formed the basis of the handgun carry permit revocation was not entered knowingly and voluntarily, and that the case of *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), a case on which the Department relied, was not applicable to Petitioner. This appeal followed.[2]

## STANDARD OF REVIEW

The trial court's review of the Department's decision in this matter was governed by Tennessee Code Annotated § 4-5-322(h), which sets forth the standard of review on appeal of administrative proceedings as follows:

(h) The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, interferences, conclusions or decisions are:

(1)  In violation of constitutional or statutory provisions;
(2)  In excess of the statutory authority of the agency;
(3)  Made upon unlawful procedure;
(4)  Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)  Unsupported by evidence which is both substantial and material in light of the entire record.

In determining the substantiality of evidence, the trial court should not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *Bobbit v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003).

Our standard of review is the same as in the trial court. *Id*. (citing *DePriest v. Puett*, 669 S.W.2d 669 (Tenn. Ct. App. 1984)). Thus, when reviewing a trial court's review of an

_____

[2]The circuit court stayed the reinstatement of the Petitioner's handgun carry permit pending appeal.

-3-

administrative agency's decision, this court is to determine, "whether or not the trial court properly applied the . . . standard of review" found in Tennessee Code Annotated § 4-5-322(h). *Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (quoting *Papachristou v. Univ. of Tennessee*, 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)).

**ANALYSIS**

The issue on appeal is whether the Department erred when it determined that Petitioner's guilty plea to the misdemeanor offense of simple assault under Tennessee Code Annotated § 39-13-101(a) constituted a crime of domestic violence for purposes of 18 U.S.C. § 922(g)(9) of the federal Gun Control Act.

The issuance of handgun carry permits in Tennessee is governed by Tennessee Code Annotated § 39-17-1351. Pursuant to the statute, a Tennessee resident who is over the age of twenty-one, a United States citizen or permanent resident alien, and who meets the other eligibility requirements may obtain a handgun carry permit from the Department of Safety. Tenn. Code Ann. § 39-17-1351(b). However, a person is not eligible if he is prohibited from possessing a firearm pursuant to Tennessee Code Annotated § 39-17-1316 or § 39-17-1307(b), 18 U.S.C. § 922(g), or other federal or state law. *Id*. Further, Tennessee Code Annotated § 39-17-1352(a)(1) requires the Department to suspend or revoke the handgun carry permit of anyone who is prohibited from purchasing a handgun under state or federal law.

For several decades, the federal Gun Control Act of 1968, 18 U.S.C. § 921 *et seq*., has prohibited possession of a firearm by any person convicted of a felony. *United States v. Hayes*, 555 U.S. 415, 418 (2009). In 1996, Congress extended the prohibition to include persons convicted of "a misdemeanor crime of domestic violence." *Id*. (citing 18 U.S.C. § 922(g)(9)). 18 U.S.C. § 922(g)(9) prohibits anyone who has been convicted of "a misdemeanor crime of domestic violence" from possessing or receiving firearms or ammunition that has been shipped or transported in interstate or foreign commerce. A "misdemeanor crime of domestic violence," for purposes of § 922(g)(9), is defined as any offense that is a misdemeanor under federal, state, or tribal law and that:

> has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the

-4-

victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent or guardian of the victim.

18 U.S.C. § 921(a)(33)(A)(i)-(ii).

Petitioner pled guilty to one count of misdemeanor assault (simple assault) under Tennessee Code Annotated § 39-13-101(a);[3] he did not plead guilty to the offense of domestic assault under Tennessee Code Annotated § 39-13-111. Nevertheless, the term "crime of domestic violence" under the federal statutory scheme covers any misdemeanor assault or battery when a victim was the offender's spouse or former spouse, or other relation specified in 18 U.S.C. § 921(a)(33)(A), or the predicate misdemeanor must identify as an *element* of the crime a domestic relationship between offender and victim. *United States v. Hayes*, 555 U.S. 415 (2009).[4] As the Supreme Court explained in *Hayes,* "although [the domestic relationship] must be established beyond a reasonable doubt in a § 922(g)(9) firearms possession prosecution, [it] need not be a defining element of the predicate offense." *Id.* at 418. As the Court explained:

> Section 921(a)(33)(A)'s definition of "misdemeanor crime of domestic violence," we acknowledge, is not a model of the careful drafter's art. *See Barnes*, 295 F.3d, at 1356. But neither is it "grievous[ly] ambigu[ous]." *Huddleston v. United States*, 415 U.S. 814, 831 (1974). The text, context, purpose, and what little there is of drafting history all point in the same direction: Congress defined "misdemeanor crime of domestic violence" to include an offense "committed by" a person who had a specified domestic relationship with the victim, whether or not the misdemeanor statute itself designates the domestic relationship as an element of the crime.

*Id.* at 429.

---

[3]Pursuant to Tennessee Code Annotated § 39-13-101(a), a person commits misdemeanor assault (simple assault) who:

(1) Intentionally, knowingly or recklessly causes bodily injury to another;
(2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
(3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

[4]The defendant in *Hayes* was convicted in the United States District Court of West Virginia of possessing a firearm after having been convicted of a misdemeanor crime of domestic violence and he appealed. *United States v. Hayes*, 555 U.S. 415 (2009). The Court of Appeals for the Fourth Circuit reversed the district court and the Supreme Court reinstated the conviction. *Id*. at 419.

As *Hayes* instructs, a crime of domestic violence involves the use or threatened use of force *and* a domestic relationship. *Id.* at 423. Therefore, the commission of the crime of simple assault under Tennessee Code Annotated § 39-13-101(a) may constitute a misdemeanor offense of domestic violence if both the requisite use of force *and* a domestic relationship are proven beyond a reasonable doubt: (1) that the offender used or attempted to use physical force, or threatened to use a deadly weapon,[5] and (2) that the victim was the offender's spouse or former spouse or other relation specified in 18 U.S.C. § 921(a)(33)(A). 18 U.S.C. § 921(a)(33)(A)(i)-(ii).

It has been established that one of the two alleged victims is the ex-wife of Petitioner and that Petitioner used or attempted to use physical force, or threatened to use a deadly weapon in the commission of the offense of simple assault. Therefore, Petitioner committed the offense of domestic violence *if* his ex-wife is the victim of the one count of simple assault to which Petitioner pled guilty.

As the court in *Castleman* instructs, documents the Department may consider to determine whether a crime qualifies as a misdemeanor crime of domestic violence include: "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record." *United States v. Castleman*, 695 F.3d 582, 591 (6th Cir. 2012) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). In making its determination whether Petitioner's guilty plea to one count of assault under Tennessee Code Annotated § 39-13-101 qualified as a crime of domestic violence because the offense to which he pled was against his ex-wife, the only two records available for the Department to consider were the Affidavit of Complaint sworn to by Deputy Sheriff Harris and the Judgment in the general sessions court.

In the Affidavit of Complaint, Deputy Harris alleged that Petitioner had committed two counts of felony aggravated assault under Tennessee Code Annotated § 39-13-102

---

[5]In this case, the degree of force used or threatened by Petitioner is not at issue, however, it is important to note that some federal courts have construed 18 U.S.C. §§ 921(a)(33)(A) and 922(g)(9) to require a degree of fear or force greater than "mere touching in the scientific sense" for a misdemeanor domestic offense to qualify as a misdemeanor crime of domestic violence under the federal statutory scheme. *United States v. Castleman*, 695 F.3d 582, 585 (6th Cir. 2012) (rejecting the government's argument that § 922(g)(9)'s reference to misdemeanor domestic violence crimes triggers § 922(g)(9) liability for a defendant convicted of any generic, common-law assault and battery offense that involves no more than slight physical touching). The federal courts have also concluded that Tennessee Code Annotated § 39-13-111(b) does not categorically qualify as a misdemeanor crime of domestic violence. *Id*. at 590 (stating "a defendant could violate Tennessee Code § 39-13-111(b) both in a manner that constitutes a "misdemeanor crime of domestic violence" and in a manner that does not").

against Petitioner's ex-wife and her male friend, Eric Jones. The Judgment reveals that one count of aggravated assault was dismissed, that one count was amended to simple assault, and that Petitioner pled guilty to one count of simple assault. The Judgment does not reveal whether the simple assault was based upon Petitioner's actions towards his ex-wife or towards her male friend. Thus, the record does not identify the victim of the count to which Petitioner pled guilty. Notably, there is no transcript of the hearing before the general sessions court, thus it would be speculation by the Department as to whether Petitioner's ex-wife or her male friend was the victim of the assault to which he pled. If he pled guilty to assaulting Eric Jones, then the victim of the offense is not a former spouse of Petitioner and, accordingly, the assault on Eric Jones does not constitute an offense of domestic violence. As a result, the record does not establish beyond a reasonable doubt whether Petitioner was convicted of a crime of domestic assault, meaning assault of his ex-wife.

As the Supreme Court stated in *Hayes*, "the domestic relationship . . . must be established beyond a reasonable doubt in a § 922(g)(9)" case, even though it need not be a defining element of the predicate offense. *Id.* at 418. The record before us does not establish that Petitioner pled guilty to assaulting his ex-wife instead of assaulting Eric Jones. Therefore, the record does not contain substantial and material evidence to support the Department's determination that Petitioner was convicted of a misdemeanor crime of domestic violence.

## IN CONCLUSION

For the foregoing reasons, we affirm the decision of the circuit court and remand for further proceedings consistent with this opinion. Costs on appeal are assessed against the Department of Safety.

_____
FRANK G. CLEMENT, JR., JUDGE

-7-