
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2016

ANTHONY D. HERRON, JR.
v. TENNESSEE DEPARTMENT OF HUMAN SERVICES

Appeal from the Chancery Court for Shelby County
No. CH-15-1092     James R. Newsom, Chancellor

No. W2016-01416-COA-R3-CV

This is an administrative appeal in which Petitioner challenges the decision of the Tennessee Department of Human Services to suspend services he received pursuant to the state's vocational rehabilitation program. The Division of Appeals and Hearings upheld the Department's decision to suspend Petitioner's services and this decision was affirmed by the Department's commissioner. Thereafter, Petitioner filed a petition for judicial review with the Shelby County Chancery Court. The court upheld the Department's actions and dismissed the petition. Petitioner appealed; we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II and KENNY W. ARMSTRONG, JJ., joined.

Anthony Herron Jr., Memphis, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, and M. Cameron Himes, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Human Services.

**OPINION**

In September 2014, the Department of Human Services, Division of Rehabilitation Services ("DRS") determined that Anthony Herron ("Petitioner") was eligible for services under the state's vocational rehabilitation program. Thereafter, DRS and Petitioner established an individualized plan for employment with the objective of Petitioner obtaining employment as a flight instructor. Under this plan, DRS agreed to provide Petitioner with tuition for flight training, books, supplies, transportation, and other necessary services.

Petitioner enrolled in flight school with Upper Limit Aviation, Inc. ("Upper Limit") in November 2014. After training commenced, DRS requested that Petitioner sign a release allowing DRS to communicate with Upper Limit regarding Petitioner's progress. Petitioner refused to sign this release and informed Upper Limit that he did not consent to disclosure of information to DRS. Thus, because it was unable to ascertain whether Petitioner was making progress in his training, DRS suspended payment of Petitioner's tuition pending receipt of progress reports. Despite the suspension of payments by DRS, Petitioner continued to receive flight training from Upper Limit.

On March 4, 2015, Petitioner submitted his first progress report to DRS regarding his flight training.

On March 18, 2015, Upper Limit informed Petitioner that his training was placed on hold due to nonpayment of tuition. After Petitioner contacted DRS to inquire about the overdue balance, DRS notified Upper Limit on March 20, 2015, that it would continue payment of Petitioner's tuition.[1]

On April 1, 2015, Upper Limit ceased operations in Tennessee. As a consequence, Petitioner was unable to continue his training.

In May 2015, Petitioner filed a claim with the Department of Human Services, Division of Appeals and Hearings. He alleged that DRS failed to properly administer and execute his employment plan in accordance with applicable law, regulations, and policies and erroneously suspended his tuition payments. After an administrative hearing, the hearing officer found no error with the suspension of tuition payments pending receipt of progress reports and that the suspension of payments did not result in harm to Petitioner.

Petitioner then filed a petition for review of the initial order, and the designee for the Commissioner of the Department of Human Services upheld the order. Petitioner then filed a petition for judicial review in the Shelby County Chancery Court. The Chancery Court upheld the actions of DRS and dismissed the petition. This appeal followed.

## STANDARD OF REVIEW

Under the Uniform Administrative Procedure Act, a trial court may reverse or modify the final decision of a state agency if the agency's findings, inferences, conclusions, or decisions are (1) in violation of a statute or constitution, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of

---

[1] The resumption of payments was due to DRS's receipt of the March 4, 2015 progress report.

discretion, or (5) unsupported by evidence which is both substantial and material in the light of the entire record. Tenn. Code Ann. § 4-5-322(h).

However, the trial court may not substitute its judgment concerning the weight of the evidence for that of the agency as to questions of fact. *Publix Super Mkts. v. Tenn. Dep't of Labor & Workforce Dev., Labor Standards Div.*, 402 S.W.3d 218, 222 (Tenn. Ct. App. 2012) (citing Tenn. Code Ann. § 4-5-322(h)(5)(B)). The same limitations apply to the appellate courts. *Id.* "This court, like the trial court, must apply the substantial and material evidence standard to the agency's factual findings." *Ramsey v. Tenn. Dept. of Human Servs.*, No. M2010-00830-COA-R3-CV, 2011 WL 51742, at *3 (Tenn. Ct. App. Jan. 5, 2011) (citing *City of Memphis v. Civil Serv. Comm'n*, 239 S.W.3d 202, 207 (Tenn. Ct. App. 2007); *Bobbitt v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003)).

Judicial review of an agency's construction of a statute and its application of the statute to the facts of the case is a determination involving a question of law, and our review of such matters is de novo with no presumption of correctness. *Id.* (citing *County of Shelby v. Tompkins*, 241 S.W.3d 500, 505 (Tenn. Ct. App. 2007)).

**ANALYSIS**

Under the Federal Rehabilitation Act, 29 U.S.C. §§ 701-795, participating states receive federal grants to assist in providing rehabilitative services to individuals with disabilities. *Truss v. State, Dept. of Human Servs.*, No. M1999-013170-COA-R3-CV, 1999 WL 1072583, at *1 (Tenn. Ct. App. Nov. 30, 1999). DRS is the designated Tennessee agency responsible for administering these funds and implementing the state's vocational rehabilitation program. Tenn. Comp. R. & Regs. 1240-08-02-.05. Under this program, once DRS determines that an individual is eligible for rehabilitation services, an individualized plan for employment ("IPE") is developed. Tenn. Comp. R. & Regs. 1240-08-04-.05. The IPE identifies the employment outcome desired by the individual, the services to be provided by DRS to help achieve this outcome, the criteria used to evaluate the individual's progress, and the responsibilities of the recipient of the services. *Id.*

In this case, Petitioner and DRS completed an IPE upon Petitioner's acceptance into the vocational rehabilitation program. Under the IPE, DRS agreed to provide Petitioner with, *inter alia*, tuition for flight training. The IPE listed one criterion for evaluating Petitioner's progress with regard to his flight training: "obtainment of licensure for each session of training." The IPE also stated that Petitioner was responsible for contacting his program counselor at least every ninety days, contacting the program counselor regarding any problems that may arise related to the services provided under the IPE, and keeping all appointments with Upper Limit.

Petitioner argues that, because the IPE did not explicitly require him to submit progress reports with regard to his flight training, DRS could not suspend tuition

payments for failing to provide such reports. We find this argument unpersuasive because DRS regulations require individuals receiving vocational training to, *inter alia*, "maintain progress toward achieving a vocational goal by taking a specified number of hours and maintaining passing grades," and that "[f]ailure to achieve progress may result in discontinuing the training program." Tenn. Comp. R. & Regs. 1240-08-04-.13(2)(c). Here, not only did Petitioner fail to provide DRS with evidence of progress, he took steps to prevent DRS from assessing his progress by refusing to sign a release and by forbidding Upper Limit to disclose information to DRS.

Petitioner raises additional issues; however, we find they are pretermitted because Petitioner failed to establish an essential element of his claim, that he was substantively harmed by DRS's actions. *See Diamond v. Mich.*, 431 F.3d 262, 267 (6th Cir. 2005) (holding that procedural violations by a state rehabilitation services agency, which did not cause the client substantive harm, could not be the basis for relief under the Rehabilitation Act). This is due to the fact Upper Limit ceased operations on April 1, 2015. Therefore, Petitioner's inability to complete his training was due to the cessation of operations by Upper Limit, not the suspension of payments by DRS.

Because Petitioner could not prove that he was substantively harmed by an act or omission of DRS, he is not entitled to relief under the Rehabilitation Act. Therefore, we affirm the dismissal of the petition for judicial review.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Anthony D. Herron, Jr.

_____
FRANK G. CLEMENT, JR., P.J., M.S