IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 26, 2015 Session

**MAURICE FITTEN v.**
**THE CITY COUNCIL OF THE CITY OF CHATTANOOGA**

**Appeal from the Chancery Court for Hamilton County**
**No. 14-0376     Pamela A. Fleenor, Chancellor**

**No. E2015-00191-COA-R3-CV-FILED-FEBRUARY 18, 2016**

The petitioner, an employee of the City of Chattanooga ("the City"), was demoted in his employment position after a city accident investigator found that the petitioner had failed to report an accident involving a city vehicle he was driving while on duty. The petitioner sought to appeal the City's decision through the Administrative Procedures Division. Upon the City's motion to dismiss the appeal, the administrative law judge ("ALJ") found that the petitioner's appeal had been untimely filed and dismissed it for lack of subject matter jurisdiction. The petitioner subsequently filed a petition for review with the Hamilton County Chancery Court ("trial court"). Following a hearing, the trial court affirmed the dismissal of the petitioner's administrative appeal. The petitioner appeals to this Court. We determine that the ALJ assumed subject matter jurisdiction when he entered a pre-hearing order and conducted a pre-hearing conference and that the petitioner justifiably relied on these actions by the ALJ to believe the appeal had been perfected. We therefore reverse the trial court's affirmance of the ALJ's dismissal of the appeal. We remand to the trial court for entry of an order of remand to the ALJ for administrative review on the merits.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Michelle Owens, Nashville, Tennessee, for the appellant, Maurice Fitten.

Wade A. Hinton, City Attorney; Elizabeth Roderick, Assistant City Attorney; and Keith J. Reisman, Assistant City Attorney, Chattanooga, Tennessee, for the appellee, the City of Chattanooga.

## OPINION

### I.  Factual and Procedural Background

At the time of this appeal, the petitioner, Maurice Fitten, had been employed by the City in its Public Works Department since December 15, 1988.  Prior to his 2013 demotion, Mr. Fitten served in the position of Street Cleaning Supervisor 1, earning an annual salary of approximately $36,285.  On September 12, 2013, Mr. Fitten was involved in a motor vehicle accident while on duty and driving a city truck.  He failed to immediately report the accident as required by the City's Vehicle Accident Prevention Policy.  An accident investigator employed by the City subsequently questioned Mr. Fitten upon investigating damage to the rear quarter panel of the truck.  Mr. Fitten submitted a "Voluntary Statement," admitting that the damage to the truck had occurred when he had been turning "[i]n a tight dead end . . . ."  No other vehicles were involved in the accident, and no one was injured.  The investigator completed an accident report on September 18, 2013, attaching Mr. Fitten's statement and photographic documentation of the damage.  The investigator concluded that Mr. Fitten had been involved in an unreported, preventable accident.

On September 25, 2013, Justin Holland, the City's Deputy Administrator of Public Works, sent a letter to Mr. Fitten, advising him that disciplinary action had been recommended and that a "Loudermill Hearing" was scheduled for October 2, 2013.  *See Case v. Shelby Cnty. Civil Serv. Merit Bd.*, 98 S.W.3d 167, 170 n.1 (Tenn. Ct. App. 2002) ("The *Loudermill* Court held that a public employee who can be discharged only for cause must be given notice and an opportunity to respond to the charges against him prior to termination.") (citing *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985)).  The Loudermill Hearing was conducted in accordance with the "Discipline" division of the Chattanooga City Code ("City Code"), which the parties agree applies to this action.[1]  In particular, City Code section 2-174(c) provides:

> (c)     The Mayor or department head may, for just cause, discipline any City employee.  Such disciplinary action may include demotion, suspension and or dismissal.  Unless otherwise provided in this Section, no such punitive suspension shall exceed thirty (30) calendar days.  Any demotion, suspension or dismissal of a City employee shall be reported to the City Council by the Mayor or department head taking such action.  No employee in the classified service, excluding probationary employees, may be

---

[1] A copy of Division 7 ("Discipline") of the City Code is contained in the record before us on appeal as an exhibit to the City's Notice of Charges against Mr. Fitten, originally presented to the ALJ.

demoted involuntarily, suspended, or dismissed without having the opportunity to have a hearing before the Mayor or their department head, whoever initiated the action, in which such employee shall be advised of the charges of misconduct and in which the employee shall be afforded an opportunity to be heard in response to such charges.

The day following the Loudermill Hearing, Mr. Holland sent a letter to Mr. Fitten, advising him that he would be demoted to the position of Crew Worker 2. Regarding Mr. Fitten's right to appeal the decision, Mr. Holland stated: "If you disagree with my decision, you have the right to appeal in accordance with Section 2-174(t) of the Chattanooga City Code." Section 2-174 of the City Code provides in relevant part:

> (r)     Any employee who loses income as a result of demotion, suspension or termination shall have the right to appeal, following the conclusion of full, administrative due process. (Ord. No. 12567, § 1, 1-31-2012)
>
> * * *
>
> (t)     No appeal shall be accepted or heard by the city council from a dismissal, demotion or suspension as provided for herein or otherwise in this code that is filed more than fifteen (15) calendar days after such action has been taken against such employee by the Mayor or Department Head. Notice of the appeal shall be filed with the Clerk of the City Council (hereafter in this Section the "Clerk"). (Ord. No. 12766, § 1, 9-17-13)
>
> The Clerk shall notify the Tennessee Secretary of State's Administrative Procedures Division (hereafter the "APD") that an appeal has been filed. The APD is authorized to assign an administrative law judge (hereafter "ALJ") to conduct a fair and impartial hearing and adjudicate the employee's appeal for the City Council as requested by an employee.

On October 7, 2013, James Templeton, the City's Director of City Wide Services, sent a Memorandum to Donald Norris, the City's Public Works Administrator and Mr. Fitten's department head, advising Mr. Norris of the disciplinary action taken against Mr. Fitten, as well as the basis for that decision. Mr. Templeton sent Mr. Fitten a copy of this memorandum. In response, Mr. Fitten filed a letter with the Clerk of the City Council on October 10, 2013, stating in relevant part: "I wish to appeal my demotion by the Public Works Department per their letter dated October 7, 2013 . . . ." Mr. Fitten attached to his letter copies of Mr. Holland's October 3, 2013 letter and Mr. Templeton's October 7,

2013 memorandum.  On October 14, 2013, Mr. Norris sent Mr. Fitten a memorandum acknowledging his notice of appeal and scheduling a departmental "appeal hearing."

Mr. Fitten's departmental appeal was heard on October 18, 2013.  Following the hearing, Mr. Norris sent Mr. Fitten a letter advising him of the departmental decision to demote Mr. Fitten, effective the date of the letter, October 25, 2013.  Utilizing nearly the exact language that Mr. Holland had in the October 3, 2013 letter, Mr. Norris advised Mr. Fitten of his right to appeal this decision, stating:  "If you disagree with my decision you have the right to appeal my decision in accordance with Section 2-174(t) of the Chattanooga City Code."  Mr. Fitten did not subsequently file a second notice of appeal.

Mr. Fitten asserts, and the City does not dispute, that at some point between October 18, 2013 (the date of his Departmental Appeal), and October 23, 2013, the City referred the matter to the Administrative Procedures Division.  The record contains a Pre-Hearing Order entered by the assigned ALJ, Randall LaFevor, on October 24, 2013, setting forth the procedure for a hearing of Mr. Fitten's appeal.  The Pre-Hearing Order is three pages in length and is comprised of nineteen detailed paragraphs directing the parties regarding, *inter alia*, the governing regulations, the pleadings and factual stipulations to be filed, and permissable methods of discovery.  For example, the first paragraph of the Pre-Hearing Order provides as follows:

> A **Pre-Hearing Telephone Conference** is scheduled to be heard at **9:00 a.m., Central Time [10:00 Eastern Time] on Thursday, October 31, 2013.**  Counsel for the Petitioner shall initiate the call.  The Administrative Judge may be contacted at . . . .  The Grievant shall provide the Petitioner's counsel with a phone number, so that he can participate in the hearing.

(Emphasis in original.)

As had been set in this order, the ALJ conducted a pre-hearing telephone conference with the parties on October 31, 2013.  Mr. Fitten was represented by his former counsel, who had filed a notice of appearance the previous day, October 30, 2013.  It is undisputed that neither the ALJ nor the City raised the question of whether Mr. Fitten had filed a notice of appeal to the ALJ.  Nonetheless, on December 16, 2013, the City filed a motion to dismiss Mr. Fifteen's appeal, averring lack of subject matter jurisdiction due to Mr. Fitten's failure to file a timely appeal following the resolution of the departmental hearing.  The City concomitantly filed a Notice of Charges with the ALJ on December 17, 2013.  Following a second pre-hearing telephone conference, the ALJ entered a Pre-Hearing Conference Order on December 19, 2013.  Mr. Fitten filed a

response to the City's notice of charges on April 9, 2014. Upon review of the motion and response, the ALJ granted the City's motion to dismiss on May 5, 2014.

Mr. Fitten subsequently filed a petition for review with the Hamilton County Chancery Court ("trial court"), pursuant to Tennessee Code Annotated § 4-5-322. Following a hearing conducted on December 10, 2014, the trial court affirmed the ALJ's dismissal of Mr. Fitten's appeal for lack of subject matter jurisdiction. Mr. Fitten timely appealed the trial court's decision to this Court.

## II. Issue Presented

Mr. Fitten presents one issue for review, which we have restated as follows:

> Whether the trial court erred by upholding the ALJ's grant of the City's motion to dismiss Mr. Fitten's appeal based on lack of subject matter jurisdiction.

## III. Standard of Review

### A. On Appeal

Our review of the trial court's analysis of the ALJ's decision is governed by the standard set forth in Tennessee Code Annotated § 4-5-322(h) (2015). *See, e.g., Tidwell v. City of Memphis,* 193 S.W.3d 555, 564 (Tenn. 2006) (concluding that "under section 27-9-114," proceedings before a city's on-the-job inquiry panel, "as well as the standard of judicial review of its decisions, are governed by the UAPA."); *Burkhart v. City of Clarksville*, No. M2010-00050-COA-R3-CV, 2011 WL 1233562 at *3 (Tenn. Ct. App. Apr. 1, 2011) (citing *Tidwell* with approval and concluding that a city's hearing committee reviewing its mayor's termination of a fire department employee was acting as a civil service board pursuant to Tenn. Code Ann. § 27-9-114). Tennessee Code Annotated § 4-5-322(h) provides as follows:

> (h)    The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;

5

(3) Made upon unlawful procedure;

(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

(B)　In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Upon determining that an agency has employed the proper legal principles, this Court will proceed to consider the agency's findings. As this Court has explained:

Upon confirming that an agency has employed the proper legal principles in the case under review, this Court must then consider the disputed factual findings and address whether the agency had a reasonably sound basis for making those findings. *See McEwen v. Tenn. Dept. of Safety,* 173 S.W.3d 815, 820 (Tenn. Ct. App. 2005). Like the trial court, this Court applies the substantial and material evidence standard in reviewing the agency's findings of fact. *Bobbitt v. Shell,* 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003). Substantial and material evidence is "such relevant evidence as a reasonable mind might accept to support a rational conclusion" and to furnish a reasonably sound basis for the decision under consideration. *City of Memphis v. Civil Serv. Comm'n,* 216 S.W.3d 311, 316 (Tenn. 2007) (quoting *Jackson Mobilphone Co. v. Tenn. Pub. Serv. Comm'n,* 876 S.W.2d 106, 110-11 (Tenn. Ct. App. 1993)); *Dickson v. City of Memphis Civil Serv. Comm'n,* 194 S.W.3d 457, 464 (Tenn. Ct. App. 2005); *Pruitt v. City of Memphis,* 2005 WL 2043542, at *7 (Tenn. Ct. App. Aug. 24, 2005); *Bobbitt,* 115 S.W.3d at 510.

As directed by the statute, we take into account whatever in the record fairly detracts from the weight of the evidence, but we may not substitute our own judgment on questions of fact by re-weighing the evidence. *See* Tenn. Code Ann. § 4-5-322(h)(5)(B). When the agency conducts a hearing and can evaluate the witnesses as they testify, this Court gives the tribunal's credibility determinations great weight. *Pruitt,* 2005 WL 2043542, at *7. Moreover, the substantial and material evidence standard does not justify reversal of an administrative decision only

6

because the evidence could also support another result. *Martin v. Sizemore,* 78 S.W.3d 249, 276 (Tenn. Ct. App. 2001). Rather, we may reject an administrative determination only if a reasonable person would necessarily arrive at a different conclusion based on the evidence. *Id.*

Likewise, Tennessee Code Annotated Section 4-5-322(h)(4) permits a reviewing court to modify or reverse an administrative decision if it is "[a]rbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Tenn. Code Ann. § 4-5-322(h)(4) (2005). A decision unsupported by substantial and material evidence is arbitrary and capricious. *City of Memphis v. Civil Serv. Comm'n,* 216 S.W.3d 311, 315 (Tenn. 2007). Yet, a clear error of judgment can also render a decision arbitrary and capricious notwithstanding adequate evidentiary support. *Id.* at 316. A decision is arbitrary or capricious if it "is not based on any course of reasoning or exercise of judgment, or . . . disregards the facts or circumstances of the case without some basis that would lead a reasonable person to reach the same conclusion." *Id.* (quoting *Jackson Mobilphone,* 876 S.W.2d at 110-11).

*City of Memphis v. Civil Serv. Comm'n*, 238 S.W.3d 238, 243 (Tenn. Ct. App. 2007). Although our review of an agency's factual findings is confined to the provisions of Tennessee Code Annotated § 4-5-322, we review matters of law *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(d); *Davis v. Shelby Cnty. Sheriff's Dep't*, 278 S.W.3d 256, 264 (Tenn. 2009).

B. Before Administrative Tribunal

Pursuant to Tennessee Code Annotated § 4-5-322(h)(3), Mr. Fitten first asserts that the ALJ, and the trial court in affirming the ALJ's decision, did not follow lawful procedure when dismissing his appeal because neither treated the City's motion to dismiss as a motion for summary judgment. He argues that because he never filed a complaint or other pleading in this matter, the ALJ was, *ipso facto*, considering matters outside the pleadings. He thereby asserts that pursuant to Tennessee Rule of Civil Procedure 12.03, the City's motion to dismiss should have been considered a motion for summary judgment. *See* Tenn. R. Civ. P. 12.03 ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ."). He also contends that under the standard of review for summary judgment, disputed issues of material fact remain to bar the grant of the City's motion. *See* Tenn. Code Ann. § 20-16-101 (Supp. 2015); *Rye v. Women's Care Ctr. of Memphis*, ___ S.W.3d ___, ___, 2015 WL 6457768 at *12 (Tenn. Oct. 26, 2015) ("Summary

judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'") (quoting Tenn. R. Civ. P. 56.04). Upon our thorough review of the record, we disagree with Mr. Fitten on this threshold matter.

As the City notes, a court may consider the question of subject matter jurisdiction without converting a motion to dismiss to a motion for summary judgment. *See Higdon v. State*, 404 S.W.3d 478, 482 (Tenn. Ct. App. 2013) ("A motion to dismiss . . . need not be converted into a motion for summary judgment if a trial court considers external evidence only to determine whether it has subject matter jurisdiction.") (citing *Staats v. McKinnon,* 206 S.W.3d 532, 543 (Tenn. Ct. App. 2006)). The trial court found that in granting the motion to dismiss, the ALJ relied solely on facts to which both parties had stipulated in their pleadings, particularly the facts surrounding the timing of Mr. Fitten's appeal. We agree.[2]

We therefore conclude that within the ALJ's limited ruling that the administrative tribunal lacked subject matter jurisdiction to hear the appeal, the ALJ did not err by declining to treat the City's motion to dismiss as a motion for summary judgment. Whether a tribunal possesses subject matter jurisdiction over an action is a matter of law, which we review *de novo* with no presumption of correctness. *See* Tenn. R. App. P. 13(a)-(b); *Davis*, 278 S.W.3d at 264.

IV. Subject Matter Jurisdiction

Mr. Fitten contends that the trial court erred by affirming the ALJ's finding that the only notice of appeal he filed was resolved by the October 18, 2013 hearing before Mr. Norris, the Department Head, and Mr. Norris's subsequent decision to affirm the demotion. Mr. Fitten further argues that his October 10, 2013 notice created an active, ongoing appeal that encompassed appeal of Mr. Norris's October 18, 2013 decision. The City contends that the trial court properly affirmed the ALJ's finding that Mr. Fitten had only appealed the preliminary decision rendered by Mr. Holland following the pre-termination hearing. Upon our careful review, we determine that although Mr. Fitten did not file a second notice of appeal following the department head's decision, the ALJ nonetheless assumed subject matter jurisdiction when he issued a pre-hearing order upon which Mr. Fitten justifiably relied to believe the appeal was ongoing.

In affirming the dismissal of Mr. Fitten's appeal, the trial court found, *inter alia*, that "the ALJ correctly applied City Code 2-174(t) to the undisputed facts of this case."

---

[2] Mr. Fitten does not specify in his argument the material facts he claims to be in dispute.

The court explained in pertinent part:

> The ALJ correctly found that on October 18, 2013, Petitioner had a Departmental Review of his October 10, 2013 appeal from the October 3, 2013 disciplinary decision. The ALJ correctly found, and it is undisputed, that Petitioner never filed an appeal within fifteen days after the demotion by his Department Head.

The trial court concluded that there was "a reasonable basis in law supporting [the ALJ's] decision to dismiss [Mr. Fitten's] challenge to his demotion for lack of jurisdiction."

The trial court, however, did not address the effect of the ALJ's pre-hearing order and conference. In analyzing this effect, it is helpful to review the timeline of events surrounding the pre-hearing order and compare that timeline to the process delineated by City Code § 2-174 and Tennessee Code Annotated § 4-5-306 (2015) (providing for pre-hearing conferences). The trial court made the following findings of fact pertinent to this analysis:

> On September 25, 2013, Justin Holland, Deputy Administrator of Public Works, sent a letter to Petitioner advising him that disciplinary action had been recommended and that a *Loudermill* hearing was set for October 2, 2013.

> On October 2, 2013, a *Loudermill* hearing was conducted regarding the motor vehicle accident.

> On October 3, 2013, Justin Holland sent Petitioner a second letter stating that "This letter is to notify you that you will be demoted to a Crew Worker 2 with a salary of $33,046.00 with an effective date to be determined by your director, Jim Templeton . . . ." The letter further stated, "If you disagree with my decision, you have the right to appeal in accordance with Section 2-174(t) of the Chattanooga City Code." This letter copied Jim Templeton.

> On October 7, 2013, James Templeton, Director of City Wide Services, sent a Memorandum to Donald Norris, Public Works Administrator, outlining seven prior reprimands Petitioner had received and advising of the latest incident of September 12, 2013, wherein Petitioner failed to report his vehicular accident to the City. The memo advised that in accordance with City Code 2-174(b)(3), Petitioner had been demoted to Crew Worker 2. Petitioner copied on this memorandum.

9

On October 10, 2013, Petitioner notified the City that he wished to appeal his demotion by the Public Works Department per their letter dated October 7, 2013. Additionally he attached a letter stating why he disagreed with the decision made by Justin Holland. Petitioner stated that "for any occurrence you are to go through your supervisor first, so that the supervisor can carry the decision to the city director, Jim Templeton, in which he decides on a Louder mill [sic] hearing." Fitten filed this with the Clerk of the City Council attaching copies of the October 3, 2013, letter from Justin Holland to Petitioner and the October 7, 2013, Memorandum from James Templeton to Donald Norris.

October 14, 2013, Donald Norris (Fitten's Department Head) sent Fitten a Memorandum re: APPEAL HEARING stating, "Your request for appeal was received in our office on October 14, 2013. Your appeal hearing is scheduled for Friday, October 18, 2013 at 8:30 a.m. on the second floor, DRC Building."

On October 18, 2013, Fitten's Departmental Appeal was heard.

On October 24, 2013, the ALJ issued a Pre-Hearing Order scheduling a Pre-Hearing Telephone Conference for October 31, 2013, In the Matter of: City of Chattanooga, and the Department of Public Works v. Maurice Fitten, Docket # 56.00-123118J, before the ALJ on behalf of the City Council of the City of Chattanooga.

On October 25, 2013, Mr. Norris sent Petitioner a letter regarding "Disciplinary Action" notifying Fitten that he supported the recommendation of Jim Templeton to involuntarily demote Petitioner. Mr. Norris attached to the memo his reasoning leading up to his decision. Mr. Norris further advised Fitten that, "If you disagree with my decision you have the right to appeal my decision in accordance with Section 2-174(t) of the Chattanooga City Code."

On October 30, 2013, Mr. Brad Rayson with SEIU Local 205 entered an appearance on behalf of Petitioner.

On October 31, 2014, a Pre-Hearing conference call was conducted.

(Paragraph numbering and citations to record omitted.) The trial court's specific findings of fact as set forth above are undisputed.

Following the Loudermill hearing, provided for in City Code § 2-174, Mr. Holland, Deputy Administrator of Public Works, sent Mr. Fitten a letter on October 3, 2013, notifying Mr. Fitten that he would be demoted. Mr. Holland also stated in this letter: "If you disagree with my decision, you have the right to appeal in accordance with Section 2-174(t) of the Chattanooga City Code." Section 2-174(t) of the City Code provides:

> (t) No appeal shall be accepted or heard by the city council from a dismissal, demotion or suspension as provided for herein or otherwise in this code that is filed more than fifteen (15) calendar days after such action has been taken against such employee by the Mayor or Department Head. Notice of the appeal shall be filed with the Clerk of the City Council (hereafter in this Section the "Clerk"). (Ord. No. 12766, § 1, 9-17-13)
>
> The Clerk shall notify the Tennessee Secretary of State's Administrative Procedures Division (hereafter the "APD") that an appeal has been filed. The APD is authorized to assign an administrative law judge (hereafter "ALJ") to conduct a fair and impartial hearing and adjudicate the employee's appeal for the City Council as requested by an employee.

As the trial court noted, section 2-174(t) clearly states that "[n]o appeal shall be accepted or heard by the city council . . . that is filed more than fifteen (15) calendar days after such action is taken against such employee by the Mayor or Department Head." (emphasis added). Following Mr. Holland's decision, Mr. Templeton, Director of City Wide Services, sent a memorandum to Donald Norris, Public Works Administrator, advising Mr. Norris of the demotion decision and setting forth supporting facts and rationale. Mr. Fitten received a copy of this memorandum.

On October 10, 2013, Mr. Fitten filed with the Clerk of the City Council notice that he wished to appeal the demotion decision. He attached to his notice copies of Mr. Holland's October 3, 2013 letter and Mr. Templeton's October 7, 2013 memorandum, demonstrating that the demotion decision outlined in those documents was the decision being appealed. At this point, Mr. Fitten was following the procedure for an appeal delineated in City Code § 2-174(t), except that the decision rendered up to that point had not been a decision made by Mr. Fitten's department head. Mr. Holland's decision, supported by Mr. Templeton's memorandum, had been a preliminary one.

Mr. Fitten's department head, Public Works Administrator Norris, sent Mr. Fitten a memorandum on October 14, 2013, notifying him that his request for an appeal had

11

been received and that an "appeal hearing" was scheduled for October 18, 2013. Mr. Fitten appeared at this departmental appeal hearing. On October 25, 2013, Mr. Norris sent Mr. Fitten a letter supporting the demotion decision. This was the final departmental decision to demote Mr. Fitten. As in Mr. Holland's previous letter to Mr. Fitten, Mr. Norris stated: "If you disagree with my decision, you have the right to appeal in accordance with Section 2-174(t) of the Chattanooga City Code."

In the meantime, Mr. Fitten's original notice of appeal had been forwarded by the Clerk of the City Council to the APD. The parties dispute in their briefs on appeal whether this transmission prior to Mr. Norris's taking action was in error. The City maintains that Mr. Fitten erred by filing the notice with the Clerk of the City Council before a final departmental decision had been reached. The City further argues that Mr. Fitten's statement within his notice of appeal that "[f]or any occurrence, you are to go through your supervisor first, so that the supervisor can carry the decision to the city director, Jim Templeton, in which he decides on a Louder mill [sic] hearing" demonstrated that Mr. Fitten, a long-time City employee, understood the process delineated in City Code 2-174(t). We note, however, that at the time Mr. Fitten filed his notice of appeal on October 10, 2013, he had already undergone a Loudermill hearing and Mr. Templeton had already endorsed Mr. Holland's demotion decision. The only office that Section 2-174(t) provides for an employee to file a notice of appeal is with the Clerk of the City Council.

Having received the forwarded notice of appeal, the APD appointed the ALJ to hear the appeal pursuant to Tennessee Code Annotated § 4-5-301(a) (2015) and City Code § 2-174(t). On October 24, 2013, the ALJ entered the Pre-Hearing Order, notifying the parties, *inter alia*, of a pre-hearing telephone conference set for October 31, 2013. Regarding pre-hearing conferences, Tennessee Annotated Code § 4-5-306 (2015) provides in relevant part:

(a)(1) In any action set for hearing, the administrative judge or hearing officer assigned to hear the case, upon the administrative judge's or the hearing officer's own motion, or upon motion of one (1) of the parties or such party's qualified representatives, may direct the parties or the attorneys for the parties, or both, to appear before the administrative judge or hearing officer for a conference to consider:

(A) The simplification of issues;

(B) The necessity or desirability of amendments to the pleadings;

(C)     The possibility of obtaining admissions of fact and of documents that will avoid unnecessary proof;

(D)     The limitation of the number of expert witnesses; and

(E)     Such other matters as may aid in the disposition of the action.

* * *

(c)     In the discretion of the administrative judge or hearing officer, all or part of the prehearing conference may be conducted by telephone, television or other electronic means, if each participant in the conference has an opportunity to participate in, to hear, and, if technically feasible, to see the entire proceeding while it is taking place.

In this case, the ALJ's Pre-Hearing Order set forth detailed instructions regarding the procedure the parties were to follow prior to the pre-hearing telephone conference. For example, the order provides regarding pleadings to be prepared before the hearing:

The Petitioner shall file its written NOTICE OF CHARGES as soon as possible. The Grievant may then file a written Response to the Notice. Parties are encouraged, although not required, to file Pre-Hearing Briefs or statements of the case. Parties may be requested to file Proposed Findings of Fact and Conclusions of Law, or Proposed Orders following the hearing.

All pleadings (including exhibits and attachments, when possible) shall be filed in the Administrative Procedures Division ("APD") on 8 ½ x 11-inch (letter size) paper. All pre-hearing motions and briefs shall be filed at least 10 days before the hearing date. Electronic filing of documents is not permitted.

The ALJ further directed the parties regarding procedures for, *inter alia*, providing expert witness lists, obtaining and serving subpoenas, conducting pre-hearing discovery, and providing lists of stipulated facts. At no point in the Pre-Hearing Order did the ALJ state that the pre-hearing conference was scheduled tentatively or in any way intimate that Mr. Fitten's appeal before the ALJ had not been perfected.

The day prior to the pre-hearing telephone conference, Mr. Fitten's former counsel entered a notice of representation. The ALJ then conducted the pre-hearing telephone conference as scheduled on October 31, 2013. It is undisputed that neither the ALJ nor

13

the City raised an issue regarding the notice of appeal during the pre-hearing telephone conference.

Considering Mr. Norris's October 25, 2013 letter to Mr. Fitten as the final departmental decision, the fifteen-day appeal period provided by City Code § 2-174(t) expired on November 9, 2013. The City asserts that inasmuch as this appeal window had not yet closed on October 31, 2013, the City had no way of knowing that Mr. Fitten would not file a second notice of appeal. The City subsequently filed its motion to dismiss the appeal on December 16, 2013, asserting for the first time that Mr. Fitten had failed to file a timely notice of appeal.

Upon our thorough review of the record, we conclude that the ALJ assumed subject matter jurisdiction over this case when he entered the October 2013 Pre-Hearing Order. *See, e.g., Morris v. Gross*, 572 S.W.2d 902, 904 (Tenn. 1978) (noting that upon the plaintiff's filing her written claim with the (now defunct) Medical Malpractice Review Board, "[t]he Board <u>assumed jurisdiction</u> of the claim and, by a letter dated March 29, 1976, notified the parties that a hearing would be set in the near future . . . .") (emphasis added). Moreover, we determine that Mr. Fitten justifiably relied on the ALJ's comprehensive and detailed Pre-Hearing Order to believe that his appeal was properly before the ALJ. We further determine that in failing to object to the ALJ's assumption of subject matter jurisdiction at the pre-trial hearing stage, the City waived its right to object later in the proceedings. We are not persuaded by the City's argument that it somehow expected Mr. Fitten to file a second notice of appeal <u>after</u> the pre-hearing telephone conference had been held with no mention made of a flaw in the notice of appeal.

We therefore conclude that the trial court's affirmation of the ALJ's dismissal of Mr. Fitten's appeal was in error inasmuch as the dismissal deprived Mr. Fitten of his due process right to pursue his administrative appeal pursuant to the Uniform Administrative Procedures Act, *see* Tenn. Code Ann. §§ 4-5-101 to 4-5-404 (2015), and the Chattanooga City Code § 2-174(t). *See* Tenn. Code Ann. § 4-5-322(h)(1) ("The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are: [i]n violation of constitutional or statutory provisions; . . ."). We remand to the trial court for entry of an order of remand to the ALJ for administrative review on the merits of Mr. Fitten's claim. *See, e.g., Levy v. State Bd. of Exam'rs for Speech Pathology & Audiology*, 553 S.W.2d 909, 913 (Tenn. 1977) (remanding to the trial court for an order of remand to the administrative board).

### V.  Costs and Attorney's Fees on Appeal

Although not raised as a separate issue, the City requests costs and attorney's fees on appeal upon its assertion that the appeal is frivolous.  Tennessee Code Annotated § 27-1-122 (2000) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

We determine that this appeal was not frivolous or taken solely for delay.  Moreover, as this Court has stated:

> [I]t is in the sole discretion of this court whether to award attorney's fees on appeal.  As such, when this Court considers whether to award attorney's fees on appeal, we must be mindful of "the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered."

*Parris v. Parris*, No. M2006-02068-COA-R3-CV, 2007 WL 2713723 at *13 (Tenn. Ct. App. Sept. 18, 2007) (quoting *Dulin v. Dulin*, No. W2001-02969-COA-R3-CV, 2003 WL 22071454 at *10 (Tenn. Ct. App. Sept. 3, 2003)) (other internal citations omitted).  Upon careful consideration of all the factors listed above, particularly Mr. Fitten's success on appeal, the City's request for costs and attorney's fees on appeal is denied.

### VI.  Conclusion

For the reasons stated above, we reverse the trial court's affirmance of the ALJ's dismissal of Mr. Fitten's claim.  The City's request for an award of costs and attorney's fees on appeal is denied.  This case is remanded to the trial court for collection of costs below and entry of an order of remand to the ALJ for administrative review on the merits.  Costs on appeal are taxed to the appellee, the City of Chattanooga.

_____
THOMAS R. FRIERSON, II, JUDGE

15